Ronald David HOPKINS, Appellant,

v.

Park J. ANDERSON, Warden, Oklahoma State Penitentiary, Appellee.

Donald Steven HOPKINS, Appellant,

v.

Park J. ANDERSON, Warden, Oklahoma State Penitentiary, Appellee.

Nos. 73-1949, 73-1950.

United States Court of Appeals,
Tenth Circuit.

Dec. 16, 1974.

Rehearing Denied Feb. 20, 1975.

Certiorari Denied April 14, 1975.

See 95 S.Ct. 1586.

Byron G. Rogers, Jr., Denver, Colo., for appellants.

Kay Karen Kennedy, Asst. Atty. Gen., State of Oklahoma (Larry Derryberry, Atty. Gen., State of Oklahoma, with her on the brief), for appellee.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PICKETT, Circuit Judge.

The Hopkins brothers pleaded guilty to an information filed in an Oklahoma state court charging them and others in two counts with the crime of robbery with firearms.[1] Each is now serving two

---

1. At the time they were charged, 21 O.S.A. § 801 provided:

Any person or persons who, with the use of any firearms or any other dangerous

concurrent fifteen-year sentences in the Oklahoma State Penitentiary. They brought these separate habeas corpus actions against the warden of the penitentiary alleging denial of the same constitutional rights prior to the entry of their pleas of guilty. The cases were consolidated and after an evidentiary hearing the district court denied the petitions. The appeals present like questions and also have been consolidated.

Habeas corpus is available to state prisoners only on denial by the state of federal constitutional rights. 28 U.S.C. § 2254; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Little v. Twomey, 477 F.2d 767 (7th Cir.), cert. denied, 414 U.S. 846, 94 S.Ct. 112, 38 L.Ed.2d 94 (1973); Mathis v. People of State of Colorado, 425 F.2d 1165 (10th Cir. 1970). Section 2254 provides that a habeas corpus petition by a state prisoner shall be granted only when it appears that the applicant has exhausted the remedies available to him in the state courts. Furthermore, the statute requires the applicant "to establish by convincing evidence that the factual determination of the State court was erroneous." The warden admits in his response that the petitioners have exhausted their state remedies, but does not allege that they had full and fair hearings in the state court and records of those hearings are not submitted.[2] Consequently, the United States district court granted an evidentiary hearing. The question presented is whether the record discloses that the pleas of guilty, under all the circumstances of the case, were coerced. Voluntariness of a plea of guilty is a question of fact. Brady v. United States, 404 F.2d 601 (10th Cir. 1968), aff'd, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

The Hopkins brothers were arrested with others by Oklahoma authorities following two armed robberies. They were taken to the county sheriff's office in McAlester, Oklahoma and questioned concerning their participation in the robberies then under investigation. During the time they were held in jail they were placed in lineups for identification purposes. The petitioners believed that they were identified in the lineups as participants in the robberies, but there was no substantial evidence that this was true. It is not shown that there is any connection between the lineup procedures and the pleas of guilty. Later they were taken before the district attorney where the question of pleas of guilty was discussed. They were advised that the punishment upon conviction of armed robbery was death or imprisonment for a period of not less than five years. At the conclusion of these interviews with the district attorney they were advised that sentences of fifteen years on each count to run concurrently would be recommended on pleas of guilty. Ronald Hopkins testified that when this offer was made he "walked out of the district attorney's office," apparently rejecting the offer. Later the two brothers conferred and agreed that it would be to their advantage to waive the appointment of an attorney and enter pleas of guilty. Without advising what their pleas would be they were taken before a state district court for arraignment where they were fully advised as to their constitutional rights, including trial by jury and the appointment of

weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death; or imprisonment, at hard labor, in the State Penitentiary, for a period of time of not less than five years, at the discretion of the Court, or the jury trying the same.

2. 28 U.S.C. § 2254(d) designates the criteria upon which a federal court may accept the factual determination of the state court in post conviction cases. See Sandoval v. Rodriguez, 461 F.2d 1097 (10th Cir. 1972); Garcia v. Baker, 421 F.2d 671 (10th Cir. 1970); Canales v. Baker, 406 F.2d 685 (10th Cir. 1969); Maes v. Patterson, 401 F.2d 200 (10th Cir. 1968).

counsel to represent them if they were unable to employ one. Following the entry of pleas of guilty the court advised them that sentencing would be delayed for two days to afford them further time to consider their action. Two days later when they were brought before the court for sentencing, the court asked them if they now had anything additional to say and their response was, "No." Upon recommendation of the district attorney the court imposed the fifteen-year sentences to run concurrently.

 The substance of the petitioners' testimony at the hearing on their habeas corpus applications was that they knew of their right to a jury trial and to be represented by competent counsel, but that the offer of the district attorney to recommend fifteen-year sentences was conditioned upon a waiver of the right to an attorney and a plea of guilty; further, the offer was on a "take it or leave it" basis and they concluded it was best for them to accept the offer rather than risk the possibility of a greater sentence or imposition of capital punishment. The state produced a transcript of the state court proceedings at the time of the entry of the pleas of guilty and imposition of sentence. Affidavits of the district attorney and his assistant were received in evidence. These affidavits stated that prior to an interview the Hopkins brothers were advised of their constitutional rights, including the right to counsel and jury trial. They were informed of the charges pending against them and the penalties for such crimes. It was stated that at no time were they threatened with life imprisonment or possible execution if they refused to plead guilty after waiving their right to be represented by counsel, and that no statements or threats were made that would have dissuaded the petitioners from obtaining assistance of counsel. The affidavits state that the Hopkins brothers were told that if pleas of guilty were entered, two fifteen-year sentences to run concurrently would be recommended. The trial court found that petitioners were informed of their constitu-

tional rights and that they knowingly, intelligently and voluntarily waived their right to an attorney. The court stated that "the evidence clearly demonstrates that the pleas were knowingly, intelligently and voluntarily made." The court further stated that the pleas were entered as a result of properly conducted plea bargaining whereby the district attorney, on pleas of guilty, offered to recommend sentences of fifteen years for a crime which carried with it a possible death penalty or life imprisonment. As stated in the *Brady* case, "Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted." 397 U.S. at 756, 90 S.Ct. at 1473. Advising an accused of the consequences of a conviction does not constitute coercion. Beavers v. Anderson, 474 F.2d 1114 (10th Cir. 1973). We are satisfied that, considering all the circumstances, these findings are supported by the record.

 It is urged that under Oklahoma law a court shall not accept a plea of guilty from an indigent defendant who is charged with a capital offense without appointment of counsel, therefore the pleas were invalid. Glynn v. State, 442 P.2d 526 (Okl.Cr.1968). In the Oklahoma post conviction proceeding this rule was not applied. In any event, the federal standard for determining the validity of waivers of constitutional rights, including pleas of guilty, is whether such waivers and pleas were voluntarily and intelligently made "with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1969). The possibility of avoiding a death sentence does not necessarily prove that the plea was coerced. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1967); Beavers v. Anderson, *supra*.

We find no merit in the contention that counsel should have been appointed to represent the petitioners in the habeas corpus proceedings. We have held that habeas corpus is a civil action and that there is no constitutional right to the assistance of counsel in such proceedings in federal court. Plaskett v. Page, 439 F.2d 770 (10th Cir. 1971); Pope v. Turner, 426 F.2d 783 (10th Cir. 1970); Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969); Flowers v. Oklahoma, 356 F.2d 916 (10th Cir. 1966).

Finding no error, we affirm the judgment.

