23 F.3d 332
 David SWAZO, Petitioner-Appellant,
v.
WYOMING DEPARTMENT OF CORRECTIONS STATE PENITENTIARY WARDEN,
also known as Duane Shillinger; Wyoming Attorney
General, also known as Joseph Meyer,
Respondents-Appellees.
 No. 93-8047.
 United States Court of Appeals,
Tenth Circuit.
 May 2, 1994.
 
 David Swazo, pro se.
 D. Michael Pauling, Sr. Asst. Atty. Gen., Cheyenne, WY, for respondents-appellees.
 Before LOGAN and SETH, Circuit Judges, and KELLY,* District Judge.
 SETH, Circuit Judge.
 
 
 1
 Proceeding pro se, petitioner-appellant David Swazo appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We have jurisdiction under 28 U.S.C. Sec. 1291. Because we conclude the district court erred in failing to appoint counsel to represent petitioner, we reverse and remand.[1]
 
 
 2
 Petitioner pleaded guilty to first degree sexual assault in 1987 and is currently serving a fifteen to twenty-five year sentence in the Wyoming State Penitentiary. Petitioner did not directly appeal his conviction or sentence. He did file a petition for post-conviction relief. His petition was amended after counsel was appointed to represent him, but neither the amended petition nor the state court order denying the petition is included in the record, so we do not know what issues petitioner raised or the basis for the state court's denial. The Wyoming Supreme Court denied his petition for certiorari. Petitioner then filed this action in the district court.
 
 
 3
 His amended petition alleges three bases for habeas relief: (1) his guilty plea was not knowingly and voluntarily entered; (2) his trial counsel was ineffective in failing to stop his unknowing and involuntary plea; and (3) his trial counsel was ineffective in failing to advise him he had a right to direct appeal and in failing to move for dismissal when his original court-appointed attorney became the county prosecutor with overall responsibility for his case.
 
 
 4
 The district court determined that an evidentiary hearing be held and ordered that a telephonic hearing be held by the magistrate judge. Both before and after the court ordered the evidentiary hearing, petitioner requested that counsel be appointed to represent him, but the court denied both requests. After the hearing, which apparently lasted several hours and included the testimony of several witnesses, the magistrate judge concluded that petitioner's claims were unpersuasive and recommended that his petition be denied on the merits. Both parties filed objections to the magistrate judge's findings of fact and recommendation. Though not specifically adopting the magistrate judge's findings, the district court agreed that petitioner's claims were unpersuasive and denied the petition on the merits.
 
 
 5
 On appeal, petitioner raises a number of procedural and substantive issues. He first contends that because the district court determined that an evidentiary hearing was required, it should have granted his request for appointment of counsel. We agree.
 
 
 6
 The district court issued identical orders denying petitioner's requests for counsel both before and after the court determined that an evidentiary hearing was required. In its orders the court stated that there was no absolute right to appointment of counsel in either habeas corpus or civil rights actions, citing Lee v. Crouse, 284 F.Supp. 541 (D.Kan.1967), aff'd, 396 F.2d 952 (10th Cir.1968), and Bethea v. Crouse, 417 F.2d 504 (10th Cir.1969). It also noted that appointment of counsel was discretionary with the court and that counsel should be appointed only when exceptional circumstances exist, citing Kennedy v. Meacham, 540 F.2d 1057 (10th Cir.1976), and Cook v. Bounds, 518 F.2d 779 (4th Cir.1975). Finding no exceptional circumstances, the court denied petitioner's requests. See R.Docs. 13 and 22.
 
 
 7
 We agree with the district court to the extent that there is no constitutional right to counsel beyond the appeal of a criminal conviction, and that generally appointment of counsel in a Sec. 2254 proceeding is left to the court's discretion. See, e.g., Coleman v. Thompson, 501 U.S. 722, ----, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640 (1991); Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir.1991). However, there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required. "If an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. Sec. 3006A(g)...." Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (emphasis added); cf. 28 U.S.C. Sec. 2072; Oklahoma Radio Assocs. v. FDIC, 969 F.2d 940, 942 (10th Cir.1992) (federal rules have force and effect of statute). The rules governing Sec. 2255 cases contain a similar requirement. See Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. Sec. 2255. All of the circuits that have discussed the issue agree that the rule makes the appointment of counsel mandatory when evidentiary hearings are required. See Abdullah v. Norris, 18 F.3d 571, 573-74 (8th Cir.1994) (Sec. 2254); Rauter v. United States, 871 F.2d 693, 695 (7th Cir.1989) (Sec. 2255); Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir.1986) (Sec. 2254); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.1984) (Sec. 2254); Alford v. United States, 709 F.2d 418, 423 (5th Cir.1983) (Sec. 2255); Wood v. Wainwright, 597 F.2d 1054, 1054 (5th Cir.1979) (Sec. 2254); see also 1976 Advisory Committee Note for Rule 8 of Rules Governing Sec. 2254 Cases. "If an evidentiary hearing is required the judge must appoint counsel for a petitioner who qualified for appointment under the Criminal Justice Act.... Appointment of counsel at this stage is mandatory under subdivision (c)."
 
 
 8
 Respondents argue that Rule 8(c) mandates appointment of counsel only when the evidentiary hearing itself is mandatory as required by 28 U.S.C. Sec. 2254(d) and Townsend v. Sain, 372 U.S. 293, 312-13, 83 S.Ct. 745, 756-57, 9 L.Ed.2d 770 (1963). Citing Hopkins v. Anderson, 507 F.2d 530, 533 (10th Cir.1974), respondents contend that when a district court exercises its discretion under Rules 4 and 7 of the Rules Governing Section 2254 Cases to order an evidentiary hearing, appointment of counsel is similarly discretionary. They contend that because the hearing in this case was not mandatory, the district court was not required to appoint counsel.
 
 
 9
 There are a number of deficiencies in respondents' argument. Evidentiary hearings may be either mandatory or discretionary. See, e.g., Townsend, 372 U.S. at 318, 83 S.Ct. at 759-60 (discussing mandatory and discretionary hearings). But nothing in the record indicates whether the district court concluded the hearing was mandatory or whether it exercised its discretion to order the hearing. Moreover, Hopkins, like the cases on which the district court relied, predated the effective date of Rule 8(c). See Wood, 597 F.2d at 1054 (Rule 8 applicable to cases commencing on or after February 11, 1977). Though Hopkins affirmed the denial of counsel when an apparently mandatory hearing was held, 507 F.2d at 531, 533, Hopkins is not persuasive authority on the issue in this case in light of the adoption of Rule 8(c). The opinion recited only that there was no constitutional right to the appointment of counsel.
 
 
 10
 Nothing in Rule 8(c) makes the appointment of counsel contingent on whether the evidentiary hearing is mandatory or discretionary. The rule states simply that if an evidentiary hearing is "required," the judge shall appoint counsel. Rule 8(c). As the Fifth Circuit concluded in addressing a similar argument in a Sec. 2255 proceeding,
 
 
 11
 [t]here are not two species of hearings. If the judge believes that an evidentiary hearing is needed to dispose of the case, then he has decided that a hearing is required. Until the judge decides to hold a hearing, he has discretion over whether to appoint counsel. However, if an evidentiary hearing is held, the judge shall appoint counsel.
 
 
 12
 United States v. Vasquez, 7 F.3d 81, 84 (5th Cir.1993).
 
 
 13
 We see no reason for any distinction based on whether the hearing was discretionary or mandatory. Counsel serves the same purposes and provides the petitioner, as well as the court, the same benefits in either situation. If the district court determines a hearing is required, it must appoint counsel.
 
 
 14
 Because the district court did not appoint counsel when it required a hearing, we must remand the case for further proceedings. However, we are not necessarily requiring the district court to appoint counsel and hold another evidentiary hearing. That is because petitioner's claims may be procedurally barred, an issue the district court did not address, and we have not.
 
 
 15
 In their answer to the petition, their objection to the magistrate judge's findings and recommendation, and their brief on appeal, respondents claim that at least two of petitioner's claims are procedurally barred. Neither the magistrate judge nor the district court addressed respondents' procedural bar argument, however. This should have been done. If a respondent raises procedural bar in a Sec. 2254 proceeding, a district court must address it and, if valid, "enforce it and hold the [petitioner's] claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994); see also Hardiman v. Reynolds, 971 F.2d 500, 503 n. 5 (10th Cir.1992) (if respondent raises procedural bar defense, it is entitled to ruling on that ground).
 
 
 16
 The judgment of the United States District Court for the District of Wyoming is REVERSED, and the case is REMANDED for proceedings consistent with this order and judgment. Petitioner's motion for transcript is DENIED.
 
 
 
 *
 Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument