**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WILLIAM KARL WINSNESS,

      Petitioner-Appellant,

v.

FRED VAN DER VEUR, Warden;
UTAH STATE PRISON; STATE
OF UTAH,

      Respondents-Appellees.

No. 96-4193
(D.C. No. 95-CV-391-B)
(D. Utah)

ORDER AND JUDGMENT*

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner William Karl Winsness appeals the district court's order adopting the recommendation of the magistrate judge to dismiss his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The habeas petition was filed on April 28, 1995, before enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA). Consequently, AEDPA does not apply. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997). Petitioner's request to proceed in forma pauperis on appeal is granted. We issue a certificate of probable cause, and affirm.

Our review of the district court's legal conclusions is de novo; we afford a presumption of correctness to the state court's findings of fact unless not fairly supported by the record. See Sena v. New Mexico State Prison, 109 F.3d 652, 653 (10th Cir. 1997).

We have carefully considered petitioner's arguments in light of the record and the prevailing law. We affirm the dismissal of his habeas petition for substantially the reasons stated in the magistrate judge's comprehensive report and recommendation dated September 3, 1996, adopted by the district court on October 29, 1996.

Petitioner maintains the district court was required to hold a hearing on his habeas petition. A federal district court is not required to hold a hearing unless the petitioner makes "allegations which, if proved, would entitle him to [habeas]

relief." Medina v. Barnes, 71 F.3d 363, 366 (10th Cir. 1995). Despite petitioner's insistence to the contrary, the factual issues pertaining to inconsistencies in the testimony of the police officers and the locations of the bullet holes were presented to the jury. The evidence he now seeks to introduce is cumulative. Therefore, an evidentiary hearing was not required.

Petitioner argues that the district court erred in refusing to appoint an attorney for him. He also seeks appointment of counsel by this court. "[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). The district court did not abuse its discretion in declining to appoint counsel in this case. Petitioner's request for appointment of counsel on appeal is denied.

Petitioner's remaining motions are denied. The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-3-