**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

THOMAS G. WEBER,

     Petitioner-Appellant,

v.

RICHARD SOARES; ATTORNEY GENERAL
OF THE STATE OF COLORADO,

     Respondents-Appellees.

No. 98-1282
(D. Colo.)
(D.Ct. No. 97-D-2570)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.
_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Thomas G. Weber, a *pro se* inmate, appeals the district court's dismissal for procedural default of his habeas petition filed under 28 U.S.C. § 2254, and denial of a certificate of appealability. We deny Mr. Weber's request to proceed *in forma pauperis*, deny his request for a certificate of appealability, and dismiss his appeal.

On June 6, 1986, Mr. Weber received a conviction for six counts of aggravated robbery and a sentence of six twenty-eight-year sentences, to run concurrently. During the period from August 11, 1988 to January 23, 1989, Mr. Weber unsuccessfully filed a direct appeal to the Colorado Court of Appeals and the Colorado Supreme Court. In 1995, Mr. Weber filed a post-conviction motion with the state district court which denied the motion as time-barred. The Colorado Court of Appeals affirmed the denial, and on April 14, 1997, the Colorado Supreme Court denied his petition for writ of certiorari.

Mr. Weber filed his § 2254 habeas petition December 9, 1997. The petition is dated November 13, 1997. Because the deadline for Mr. Weber's petition expired several months earlier on April 23, 1997, the district court issued an order to show cause why he did not timely file his petition. After reviewing Mr. Weber's response, the district court issued an Order of Dismissal, finding Mr.

Weber procedurally defaulted his claims because he untimely filed his petition. In a thorough discussion, the district court found Mr. Weber failed to make a showing as to his untimely filing under either the cause-and-prejudice standard or the fundamental miscarriage-of-justice test. Specifically, the district court found Mr. Weber's reliance on alleged misinformation from his counsel as to his appeal rights, allegedly received more than six years earlier, did not constitute "an objective factor external to the defense that impeded his efforts to comply with" procedural state post-conviction rules. In dismissing the petition, the district court also found Mr. Weber made only "vague and conclusory allegations of legal innocence" rather than stating "a colorable claim or showing of actual or factual innocence."

On appeal, Mr. Weber claims the district court erred in: (1) construing his letter to the clerk as a notice of appeal and petition for certificate of appealablity; (2) dismissing his application for a writ of habeas corpus; (3) refusing to appoint him counsel; and (4) failing to address his complaint that prison officials denied him access to legal assistance.

We agree with the district court that Mr. Weber's petition is untimely and barred by 28 U.S.C. § 2244(d). Mr. Weber's conviction became final June 6,

-3-

1986, and his direct appeal ended January 23, 1989. Under § 2244(d)(1), when a conviction becomes final before April 24, 1996, the deadline for filing a § 2254 petition expires April 23, 1997. *See Hoggro v. Boone*, 150 F.3d 1223, 1225-1226 (10th Cir. 1998). A properly filed state post-conviction application may toll this period. 28 U.S.C. § 2244(d)(2). Because the Colorado state courts denied review of Mr. Weber's application for post-conviction relief as untimely, we cannot toll the grace period for the time of his state post-conviction application.

Mr. Weber did not file his petition until December 9, 1997 – several months after the deadline. Even under the "prisoner mail box" rule and assuming Mr. Weber gave his petition to prison officials for mailing on the date he allegedly signed it – November 13, 1997 – his petition is still untimely. *See Hoggro*, 150 F.3d at 1226 n.3.

After reviewing the record, we agree with the district court that Mr. Weber fails to demonstrate sufficient cause for the default or actual prejudice as a result of the alleged violation of federal law, or that failure to consider his claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). We affirm the dismissal of his habeas petition for substantially the same reasons stated in the district court's comprehensive Order

of Dismissal dated June 22, 1998.

As to Mr. Weber's argument the district court erred in refusing to appoint him an attorney, no constitutional right to counsel exists "beyond the appeal of a criminal conviction, and ... generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). We hold the district court did not abuse its discretion in declining to appoint counsel in this case.

Finally, Mr. Weber claims the district court erred in failing to address his argument that "his access to legal assistance behind prison walls was obstructed and hindered and that he did not have the ability to gain access to his trial court and appellate court records so he could perfect his claims." A review of the record shows the district court noted Mr. Weber's "access to the courts" argument, but in rejecting it, did not discuss it. A further review of the record shows Mr. Weber fails to provide any detailed explanation of how denial of access to legal assistance occurred, or why it took six years to file for habeas corpus relief, despite his alleged denial of legal assistance or inability to obtain the records he claims he needed. Moreover, Mr. Weber did not provide any

documentation showing he unsuccessfully attempted to obtain his court records. As a result, he fails to claim any specific prejudice to litigation due to denial of legal assistance or inability to obtain his records. Such vague and conclusory allegations, without more, are insufficient to raise a claim for denial to access the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, the district court's failure to specifically address this contention does not change the outcome.

For the reasons stated, we deny Mr. Weber's request to proceed *in forma pauperis* and for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge