**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES F. KARLS,

     Petitioner - Appellant,

v.

RICK HUDSON,

     Respondent - Appellee.

No. 99-6006
(D.C. No. 98-CV-1287-W)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Pro se appellant James F. Karls challenges the dismissal of his habeas corpus action under 28 U.S.C. § 2241. On appeal, Karls asserts that the district court erred denying him appointment of counsel, and in rejecting his argument that he is in custody in violation of the Constitution of the United States because his transfer from prison in Wisconsin to a privately-operated prison in Oklahoma deprived both states of jurisdiction over him. Karls also moves to proceed in

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

forma pauperis. Because Karls cannot demonstrate a nonfrivolous argument in support of his legal position, we deny the motion to proceed in forma pauperis, and affirm the district court's dismissal of his petition.

Karls, a convicted prisoner under Wisconsin law, sought relief from custody under 28 U.S.C. § 2241, claiming that Wisconsin, by transferring him to the custody of the North Fork Correctional Facility (NFCF) in Saye, Oklahoma, had unconstitutionally surrendered him to an entity lacking jurisdiction. Following a magistrate's report and recommendation and Karls' objections thereto, the district court dismissed Karls' petition with respect to claims under both 28 U.S.C. § 2241 and 42 U.S.C. § 1983. On appeal, Karls argues that he advances claims only under 28 U.S.C. § 2241.

Karls' arguments that somehow no state has jurisdiction over him are without merit. Karls provides us no authority for the proposition that the interstate transfer of a prisoner to the custody of a privately managed prison, operated pursuant to state law, violates a constitutional or legal right. His argument that Wisconsin law prohibits the out-of-state punishment of persons who commit crimes in Wisconsin misstates the relevant statute. See Wis. Stat. § 939.03(1) (providing circumstances under which "[a] person is subject to prosecution and punishment under the law of this state"). Nor has he offered any nonfrivolous argument or authority for the contention that the district court erred

in concluding he is not a maximum security level inmate, and thus his custody in Oklahoma did not violate Okla. Stat. tit. 57 § 563.2(a), which provides for the imprisonment in private facilities of "minimum or medium security level inmates."[1]

Karls also contests the district court's denial of his motion for appointment of counsel. We have stated that "there is no constitutional right to counsel beyond the appeal of a criminal conviction, and that generally appointment of counsel in a [habeas] proceeding is left to the [district] court's discretion." Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). Karls has not shown entitlement to an evidentiary hearing that would to entitle him to appointment of counsel. See id. The district court did not abuse its discretion in denying Karls' motion for appointment of counsel.

Karls has not paid the $100.00 required docket fee in this court, and moves for leave to proceed in forma pauperis. To prevail on a motion to proceed in forma pauperis, a petitioner must demonstrate "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States

---

[1]Additionally, Karls was transferred, after filing this appeal, from NFCF to a facility in Tennessee. This court previously denied his ensuing motion to be returned to custody in Oklahoma. Thus, to the extent his petition seeks relief on the grounds that his custody in Oklahoma is unlawful and/or unconstitutional, it is dismissed as moot.

Parole Comm'n, 115 F.3d 809, 812-13 (10th Cir. 1997) (quoting DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991)).  Karls fails to raise such a nonfrivolous argument.

Karls has also submitted a document, titled Motion for Declaratory Judgment, in which he apparently seeks to strike Respondent Hudson's Answer Brief for certain alleged minor formatting errors.  This motion is without merit and is **DISMISSED**.

**AFFIRMED**.  Leave to proceed in forma pauperis **DENIED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge
