**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL ALLEN NOLTE,

      Petitioner-Appellant,

v.

GARY L. GIBSON,

      Respondent-Appellee.

No. 99-6092
(D.C. No. 98-CV-784-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

---

      Michael Allen Nolte seeks a certificate of appealability ("COA") to appeal

the district court's denial of his § 2254 habeas corpus petition. We deny COA on

all issues.[1]

---

      [*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      [1]Before us also is Nolte's "Motion to Allow an Excess of Twenty Pages in Petitioner's Amended Opening Brief." Nolte asks us to consider the amended

(continued...)

In 1987, Nolte and three other prisoners escaped from a county jail in Illinois. They made their way to Missouri in a stolen truck, and at a rest area near Rolla attacked Edgar Wayne Allen, clubbing him in the back of the head and tying him up. The escapees placed Allen in the back of his motorhome and headed toward Oklahoma in the truck and motorhome. Eventually, the escapees separated, and Nolte and another escapee, Randall Kawakami, drove the motorhome through Oklahoma with Allen in the back. In Caddo County, Oklahoma, they dumped Allen's body. The two then proceeded to New Mexico, where they were arrested.

In 1988, Nolte was convicted in Oklahoma state court of First Degree Felony Murder for the death of Allen, and sentenced to death. Nolte then filed in the Oklahoma Court of Criminal Appeals ("OCCA") an Application to Assume Original Jurisdiction and Petition for a Writ of Habeas Corpus, challenging the jurisdiction of the trial court. The OCCA denied the writ in an unpublished opinion. After the United States Supreme Court denied certiorari, Nolte perfected his direct appeal in the OCCA, which affirmed his conviction but remanded the case to the trial court for resentencing. See Nolte v. Oklahoma, 892 P.2d 638

[1](...continued)
brief, 33 pages, along with his "partial Opening Brief," which is 23 pages. We grant the motion. However, we decline Petitioner's suggestion that we consider by incorporation a portion of his brief in support of his habeas corpus petition in the district court.

(Okla. Crim. App. 1994).  After Nolte was resentenced to life without possibility of parole, he filed a timely appeal with the OCCA challenging the new sentence. The OCCA affirmed the sentence on June 6, 1997.

Nolte filed a habeas petition in federal court pursuant to 28 U.S.C. § 2254 on June 5, 1998, arguing (1) the venue for his trial was improper; (2) the trial court lacked jurisdiction to try him; (3) minority jurors were excused without valid reasons; (4) admission of victim impact evidence violated his constitutional right to be free from application of ex post facto laws; (5) several trial exhibits were introduced in violation of his due process rights[2]; and (6) prosecutorial misconduct deprived him of his right to a fair trial.  A magistrate judge recommended that the petition be denied, and the district court adopted that recommendation and denied the petition on January 29, 1999.  The district court did not act on a COA, so it is deemed denied by the district court.  See Tenth Circuit Emergency General Order of October 1, 1996.  Proceeding pro se before this court, Nolte applies for a COA for all the issues raised in his petition except the challenge to the trial exhibits, and asserts a new claim of ineffective assistance of counsel with respect to the federal habeas proceedings below.  We deny COA on all claims.

---

[2]Nolte filed a notice of amendment asking the district court to delete this claim, and it was accordingly omitted from the district court's consideration.

In his first and second claims, Nolte argues that venue was not proper in the Oklahoma state trial court, and that the trial court lacked jurisdiction, because Allen died in Missouri shortly after he was clubbed, rather than in Oklahoma, where his body was disposed. In the unpublished disposition denying Nolte's state habeas petition, the OCCA rejected Nolte's allegation that the victim died in Oklahoma. On the subsequent direct appeal, the OCCA noted that, in statements to authorities admitted at trial, Nolte "said he did not know whether Mr. Allen was dead or alive, but related that Kawakami told him that Mr. Allen was still alive." Nolte, 892 P.2d at 640-41. The OCCA then quoted its holding in the habeas disposition that "the record reveals competent evidence that the act of murder was consummated in Caddo County, Oklahoma," and suggested that Nolte's claim was barred by res judicata. Id. at 641. Nevertheless, the OCCA reviewed the record and again held that there was "sufficient evidence to find that the act of murder was consummated in Caddo, Oklahoma, and therefore, jurisdiction is in Oklahoma." Id.

In his brief before us, Nolte quotes excerpts from the resentencing testimony of the medical examiner who performed the autopsy on Allen.[3] According to Nolte's quoted excerpts, the medical examiner opined that Allen

_____

[3]Apparently, the medical examiner also testified at trial. However, that testimony is not part of the record before us, and Nolte only mentions it in passing in his briefs.

"probably" died within "a few minutes to an hour, at the most," of being struck in the head. However, the medical examiner also conceded that Allen could have survived for "3, 4—maybe 8, 9, 10 [hours] at the most."

As an initial matter, we observe that this evidence came too late in the day, at the resentencing hearing <u>after</u> the OCCA twice (on habeas and direct appeal) made the factual finding that Allen's murder was consummated in Oklahoma. In fact, when the OCCA was presented with the issue again after direct appeal and resentencing, the court declared it barred by res judicata. Furthermore, that resentencing testimony is not part of the record before us. In any event, we have carefully reviewed the record and do not believe that Nolte, through either excerpts from the medical examiner's testimony or anything else in the record before us, overcomes by clear and convincing evidence the OCCA's determination that Allen died in Oklahoma. The state court's factual finding retains its presumption of correctness under AEDPA. <u>See</u> 28 U.S.C. § 2254(e)(1). Therefore, we deny COA on Nolte's challenges to venue and jurisdiction in the Oklahoma state trial court.

With respect to Nolte's claims that minority jurors were improperly excluded under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), and <u>Powers v. Ohio</u>, 499 U.S. 400 (1991); that the admission of victim impact evidence at resentencing violated the Ex Post Facto Clause of the Constitution; and that prosecutorial

misconduct deprived him of a fair trial, we deny COA for substantially the same reasons the claims were rejected by the federal magistrate judge in his thorough Supplemental Findings and Recommendation, and by the district court in adoption of the magistrate's report.

Finally, we deny COA on Nolte's claim of ineffective assistance of counsel in the federal habeas corpus proceedings below, as there is no constitutional right to counsel in such a proceeding. See Swazo v. Wyoming Dept. of Corr. State Pen. Warden, 23 F.3d 332, 333 (10th Cir. 1994).

COA is DENIED on all issues. See 28 U.S.C. § 2253(c)(2).

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge