**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE ANDREW AZURE,

      Petitioner-Appellant,

v.

MICHAEL V. PUGH,

      Respondent-Appellee.

No. 99-1433
(D.C. No. 98-K-1682)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Proceeding pro se, Petitioner-Appellant Lawrence Andrew Azure appeals

the district court's dismissal of his petition for a writ of habeas corpus under 28

U.S.C. § 2241.  We affirm.

While Mr. Azure was on parole from a sentence for second degree murder,

his probation officer reported possible parole violations to the Parole

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Commission. On April 26, 1996, the Parole Commission issued a warrant. After a parole revocation hearing on August 24, 1996, the Parole Commission revoked Azure's parole based on his use of alcoholic beverages and his association with a person having a criminal record/engaged in criminal activity. On September 24, 1996, Azure was reparoled.

On January 17, 1997, Azure's probation officer again reported parole violations to the Parole Commission after Azure was charged with assaulting his nephew. The Parole Commission issued a warrant charging Azure with assault.[1] Azure was held in local custody and then released to the Parole Commission's warrant on March 11, 1997. Local authorities did not prosecute Azure for the assault because the victim was uncooperative. Azure's probation officer discussed the matter with the victim, who stated that Azure had beaten him, but that he did not want to be responsible for sending Azure back to prison. The regional commissioner determined that there was probable cause to proceed to a revocation hearing.

The victim, the victim's mother, and two police officers testified at the June 11, 1997 revocation hearing. Azure, represented by counsel, also testified. The hearing examiner determined that a finding could be made based upon a

---

[1]The Parole Commission subsequently supplemented the warrant with a second charge, use of alcohol.

preponderance of the evidence that Azure assaulted his nephew and was drunk during the incident. The hearing examiner stated that Azure's offense was rated category five because it involved an assault with bodily injury. Azure's guidelines were calculated as forty-eight to sixty months. The examiner determined that Azure has a history of domestic violence and is capable of becoming extremely dangerous during domestic disagreements. He recommended service of forty-eight months. A second examiner recommended that Azure serve sixty months and participate in the Bureau of Prisons 500-hour program for substance abusers. The regional commissioner agreed with the second examiner's recommendation. By a notice of action dated July 2, 1997, Azure was advised that his parole was revoked, that he was continued to a presumptive parole date of March 10, 2002, after the service of sixty months,[2] and that he was required to participate in a community-based program for alcohol treatment.

Azure's court-appointed attorney appealed from the regional commissioner's decision. The attorney informed the Parole Commission that he was unable to consult with Azure regarding the appeal because Azure had been moved to another facility. The attorney told the Commission that if Azure submitted his own appeal, the attorney's appeal should be disregarded. On

---

[2]This date was later changed to January 16, 2002, to give Azure credit for the time he served in state custody.

November 4, 1997, the National Appeals Board, having received no other appeal in Azure's case, ruled on the appeal submitted by Azure's attorney. The National Appeals Board found the claims in the appeal to be meritless, and affirmed the Parole Commission's decision.

On March 27, 1998, the Parole Commission received Azure's appeal from the July 2, 1997, decision.[3] The appeal raised two claims previously raised by his attorney and three claims not previously raised. The Parole Commission advised Azure that the National Appeals Board had already made a determination and that the Board's final decision was not appealable.

In his § 2241 habeas petition, Azure argued the following: (1) that the Parole Commission failed to respond to his second appeal and address the issues he raised; (2) that the Parole Commission applied incorrect guidelines to his offense behavior and that the evidence did not support the Parole Commission's findings; (3) that his time in custody was computed incorrectly and that he failed to receive credit against his sentence for time spent in state custody; (4) that the Parole Commission allegedly failed to follow correct procedures for issuance and

[3]On January 5, 1998, the Parole Commission received from Azure a letter dated December 29, 1997, stating that he had not received a copy of the tape recording of his hearing, which he had requested on November 17, 1997. The Parole Commission had sent the tape recording on December 19, 1997, but sent a second copy on January 15, 1998. In the January 5, 1998 letter, Azure also enclosed a copy of an October 15, 1998 letter in which he asked for an extension of time to submit an appeal. That letter was not in Azure's file.

execution of the warrant; and (5) that the Parole Commission allegedly violated 18 U.S.C. § 4208(b)(2) (repealed effective Nov. 1, 1997) (Supp. 1999), by failing to provide him with disclosure of the evidence thirty days in advance of the hearing, which denied him the opportunity to have witnesses present.  The district court issued a Memorandum Opinion and Order thoroughly discussing each of the issues.  The district court concluded that the claims not raised by Azure's attorney before the National Appeals Board were procedurally barred, and that even if they were not procedurally barred, they were without merit.  With respect to Azure's claim that he had mailed a request for an extension of time in which to appeal to the Parole Commission on October 15, 1997, see supra note 3, the district court stated that even if the Parole Commission received the request, it was not made within the time allowed for appeal.[4]   Finding the remaining claims without merit, the district court denied Azure's habeas petition.

We review de novo the district court's denial of a habeas petition. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.1996).  We have carefully reviewed the district court's decision, petitioner's brief, and the record on appeal. We find no error or omission in the district court's September 7, 1999 decision, and we affirm for substantially the same reasons set forth in that order.

---

[4]Pursuant to 28 C.F.R. § 2.26 (1999), Azure had thirty days from the July 2, 1997 decision of the to revoke his parole.

Regarding Azure's additional claim on appeal that the district court erred in denying his request for legal counsel, we find that claim is also without merit. "[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction and . . . generally appointment of counsel in a [habeas] proceeding is left to the court's discretion." Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). Although there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required, see Swazo, 23 F.3d at 333, an evidentiary hearing was not required in this case and the district court correctly exercised its discretion in not appointing counsel.

We DENY Mr. Azure's petition and DISMISS his appeal. We also DENY Azure's motion to proceed in forma pauperis on appeal because he fails to present a reasoned, nonfrivolous argument on the law or merits for bringing the present petition.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge