**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2005**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

LESTER WILLIAM NORTONSEN,

Petitioner-Appellant,

v.

LARRY REID, Warden; ARIZONA
ATTORNEY GENERAL,

Respondents-Appellees.

No. 04-1259
(D.C. No. 04-Z-505)
(Colorado)

---

## ORDER\*

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

Lester William Nortonsen, a state prisoner proceeding *pro se*, applies for a

certificate of appealability (COA) to challenge the district court's denial of his 28

U.S.C. § 2254 habeas petition for untimeliness. On appeal, we liberally construe

Mr. Nortonsen's pleadings and submissions to this court. *Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

---

\*After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument.

In so doing, we do not believe jurists of reason would find debatable the district court's procedural dismissal of Mr. Nortonsen's petition, *Slack v. McDaniel*, 529 U.S. 473, 478 (2000), and we therefore deny COA and Mr. Nortonsen's request to proceed *in forma pauperis* (*ifp*).

The issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2002). A COA can issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has dismissed a habeas petition on procedural grounds, a certificate will issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Nortonsen is not required to prove the merits of his case to obtain a COA, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Id.* at 338 (internal quotation and citation omitted).

Mr. Nortonsen was convicted by an Arizona jury of first-degree escape, aggravated robbery, and aggravated assault. Judgment was entered against him on

January 3, 1995, and he was sentenced to forty-two years incarceration. The

Arizona Court of Appeals affirmed his conviction and sentence on October 17,

1996. Mr. Nortonsen did not petition the Arizona Supreme Court for certiorari

review, but he did file a petition for post-conviction relief in state court on April

25, 1995, while his state appellate action was pending. The petition was denied

on the same day. Mr. Nortonsen did not appeal that denial.

Mr. Nortonsen's instant petition was received in federal court on March 9,

2004. He alleged (1) the Arizona courts lacked jurisdiction over his case, (2) he

was subjected to double punishment, (3) he received ineffective assistance of

counsel, (4) he was denied pre-sentence credit for his convictions, and (5) he was

subjected to "shuttling" in violation of the Interstate Agreement on Detainers and

the Uniform Mandatory Disposition Detainers Act.[1] The court denied Mr.

Nortonsen's petition on the ground that all his claims were time barred.

In reaching its decision, the district court noted that under 28 U.S.C. §

2244(d), a one-year limitation period applies to habeas actions brought by a

---

[1] While Mr. Nortonsen framed his entire petition under 28 U.S.C. § 2254, the district court construed his first three claims attacking the validity of his conviction and sentence under § 2254, and his last two claims attacking the execution of his sentence under 28 U.S.C. § 2241. *See Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000) (§ 2254 serves as means to challenge validity of conviction or sentence and § 2241 serves as means to attack execution of sentence).

person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of – (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."). The court then determined the one-year limitation period on any habeas action brought by Mr. Nortonsen began to run in November 1996. Mr. Nortonsen had a year from November 1996 to file his habeas petition.[2]

The district court also rejected any potential argument that the time limitations in § 2244(d) should be equitably tolled for Mr. Nortonsen. Tolling may occur where a petitioner has diligently pursued his claims and demonstrated that his failure to timely file his habeas action was caused by extraordinary circumstances beyond his control. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The district court noted Mr. Nortonsen failed to allege he diligently

---

[2]We note the district court, in calculating the specific date of the finality of Mr. Nortonsen's conviction, mistakenly applied Colorado law. This mistake is of no consequence. Under Arizona law, Mr. Nortonsen had thirty days to file a petition for review of the appellate decision affirming his conviction. *See* ARIZ. R. CRIM. PRO. 31.19 ("Within 30 days after the filing of a decision or within 15 days after the clerk has mailed notice of the determination of a motion for reconsideration, any party may file with the clerk of the Court of Appeals a petition for review by the Supreme Court."). Because of Mr. Nortonsen's failure to appeal his conviction to the Arizona Supreme Court, it became final on November 16, 1996. Consequently, he had a year from that date to bring his habeas action.

pursued his claims, or that extraordinary circumstances existed preventing the timely filing of his habeas action. Likewise, the court found Mr. Norton's allegations of ignorance regarding § 2254(d)'s limitation period and his inability to receive legal assistance on his habeas action insufficient to constitute extraordinary circumstances. Hence, the court determined Mr. Nortonsen's petition for habeas relief was barred by the one-year limitation period.

We have carefully reviewed the district court's order, the record on appeal, and Mr. Nortonsen's submissions. Mr. Nortonsen makes almost no reference to the district court's procedural ruling against him, nor does he present any argument countering the court's timeliness ruling. We are not convinced jurists of reason would find debatable the district court's ultimate ruling that Mr. Nortonsen's claims were time barred. *See Slack*, 529 U.S. at 484. The court correctly concluded Mr. Nortonsen had to bring his habeas action within the year following November 1996. Likewise, Mr. Nortonsen's allegations of ignorance regarding the limitations period and lack of assistance from counsel are not sufficient to establish extraordinary circumstances warranting equitable tolling. *See Marsh*, 223 F.3d at 1220 (ignorance of law generally does not excuse late filing of *pro se* prisoner); *Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) ("there is no constitutional right to counsel beyond the appeal of a criminal conviction").

We therefore **DENY** Mr. Nortonsen's application for COA and his request to proceed *ifp*, and we **DISMISS** the appeal.


ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge