**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

WILLIAM E. INMAN,

      Petitioner - Appellant,

v.

STATE OF KANSAS; DAVID R.
MCKUNE, Warden of the Lansing
Correctional Facility,

      Respondents - Appellees.

No. 04-3503
(D.C. No. 02-CV-3310-RDR)
(D. Kan.)

---

**ORDER**

---

Before **EBEL**, **MCKAY** and **HENRY**, Circuit Judges.

---

Petitioner-Appellant William E. Inman, proceeding pro se, moves for a

Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253(c) in order to

challenge the district court's denial of his 28 U.S.C. § 2254 petition for habeas

relief. We DENY Inman's motion for a COA and DISMISS his appeal.

I.      **Background**

In February 1998, a jury in Kansas state court convicted Inman of

aggravated criminal sodomy and sexual battery. The convictions related to a July

1997 sexual encounter between Inman and a co-tenant in the duplex in which the

two lived. The state court of appeals affirmed Inman's convictions, and the state supreme court denied Inman's petition for review.

In March 2000, Inman filed for habeas relief in state court, attacking his sentence under K.S.A. § 60-1507.[1] In his motion seeking habeas relief in state court, Inman asserted that he was denied the effective assistance of counsel, and that he was denied a fair trial because of the improper conduct of the trial judge. The state court denied the motion after an evidentiary hearing. The state court of appeals affirmed the denial of relief, and the state supreme court denied Inman's petition for review.

Inman then filed a petition for habeas relief in the United States District Court for the District of Kansas under 28 U.S.C. § 2254. Inman's habeas petition argued that:

---

[1]K.S.A. § 60-1507 provides, in pertinent part, that:

A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may . . . move the court which imposed the sentence to vacate, set aside or correct the sentence.

K.S.A. § 60-1507(a).

1. Trial counsel was ineffective because he failed to make an objection or develop a record regarding a juror whom Inman claims was sleeping during Inman's trial.

2. Although the trial judge observed the juror sleeping, the judge failed to inquire into what information the juror may have missed, thereby denying Inman the right to have his case tried to a jury of twelve of his peers.

3. Trial counsel was ineffective because he did not adequately investigate or ultimately call two witnesses.

4. The trial judge used facial expressions, gestures, body language, and voice inflections to Inman's disadvantage during the trial.

The district court first denied Inman's request that the district court appoint counsel to advance these arguments. The district court then denied Inman all relief on his claims. Finally, the district court denied Inman's request for a certificate of appealability.

In this appeal, Inman argues that:

1. He was denied a fair and equitable means to develop and present his § 2254 habeas petition properly because the district court denied him access to legal counsel prior to denying that petition.

2. Trial counsel was ineffective because he failed to bring a sleeping juror to the attention of the trial court.

3. The trial judge abused his discretion when he saw the juror asleep and did nothing.

4. The district court erred in determining that trial counsel was not ineffective based on counsel's failure to call two witnesses, and the evidence presented in Inman's petition does not support the district court's determination that trial counsel was not ineffective.

Thus, Inman continues to press three of the four issues that he raised in his original § 2254 petition.[2] Inman adds to these three issues the argument that the district court erred in refusing to appoint counsel to help Inman advance the claims asserted in his pro se § 2254 petition.

## II. Analysis

Inman is not entitled to habeas relief on any of the four arguments that he raises before us.

### A. Denial of Counsel in § 2254 Proceedings

Inman is not entitled to habeas relief on his first argument, which alleges that the district court improperly denied him access to counsel prior to denying his § 2254 petition. We have noted that "there is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." Swazo v. Wyoming Dept. of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994); see also Coleman v. Thompson, 501 U.S. 722, 756-57 (1991). "The district court['s] . . . denial of counsel will not be overturned unless it would

---

[2]Though Inman frames his fourth argument on appeal as a critique of the district court's ruling on his § 2254 petition, the substance of the argument is that trial counsel was ineffective because counsel failed to call two witnesses or fully investigate their possible exculpatory testimony—the same argument that Inman raised in his § 2254 petition.

result in fundamental unfairness impinging on due process rights." Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991) (quotations and alteration omitted).

In this case, before denying Inman's request for court-appointed counsel, the district court considered the merits of Inman's claims, the nature of the factual issues raised in those claims, Inman's ability to present his claims, and the complexity of the legal issues raised by the claims. See id. at 527. Based upon our review of the record, we conclude that the district court did not abuse its discretion in refusing to appoint counsel for Inman under the circumstances of this case. See id.; cf. Swazo, 23 F.3d at 333.

## B. Ineffective Assistance of Trial Counsel

Inman is also not entitled to habeas relief on his second and fourth arguments, which address the alleged ineffectiveness of his trial counsel. 28 U.S.C. § 2254 provides that a federal court cannot grant habeas relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal courts evaluating § 2254 petitions also must presume that state-court factual findings are correct. See 28 U.S.C. § 2254(e)(1); see also, e.g., Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The habeas petitioner bears the burden of rebutting that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); see also, e.g., Darks v. Mullin, 327 F.3d 1001, 1007 (10th Cir.), cert denied, 124 S. Ct. 433 (2003).

Both of Inman's claims addressing the alleged ineffectiveness of his trial counsel were evaluated by Kansas state courts when they rejected Inman's state habeas petition. There is no clear and convincing reason to reject the state courts' disposition of the facts surrounding Inman's ineffective-assistance arguments. The state courts did not arrive at a conclusion opposite to that reached by the Supreme Court on a question of law, nor did the state courts decide a case differently than the Supreme Court has on a materially indistinguishable set of facts. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Finally, the state courts did not unreasonably apply correct governing legal principles to the facts of Inman's case. See id. at 413. Therefore, Inman is not entitled to habeas relief on his ineffective-assistance arguments.

**C.    Trial Court's Inaction after Observing Sleeping Juror**

Finally, Inman is not entitled to habeas relief on his third argument, which alleges that the trial judge abused his discretion when he saw a juror sleeping and

did nothing in response. Inman made a variant of this argument in his state habeas petition, in contending that the trial judge "engaged in improper, extra-judicial conduct that deprived defendant of a fair trial." Specifically, Inman noted in his state habeas petition that "[t]he trial judge was well aware [that one of the jurors fell asleep] and the only response made to this fact by the trial judge was to laugh about it." In resolving Inman's claims, the state trial court found that

> [t]he "nod off" was only for a few seconds and [the juror] was quickly elbowed to alertness by an adjoining juror. Given the fact that this was a three-day trial, this brief lapse did not prejudice plaintiff's right to a fair trial.

The state trial court went on to conclude that "the trial judge acted properly without favoritism toward the prosecution or plaintiff" and that "plaintiff's constitutional right to a fair trial with . . . a fair and impartial presiding judge ha[s] been met." Though the state appellate court did not address this specific issue in resolving Inman's appeal from the state trial court's decision, the state appellate court did not disturb this finding by the state trial court.

As with Inman's ineffective-assistance claim, there is no clear and convincing reason to reject the state courts' disposition of the facts surrounding Inman's abuse-of-discretion argument. The state courts did not arrive at a conclusion opposite to that reached by the Supreme Court on a question of law, decide a case differently than the Supreme Court has on a materially

indistinguishable set of facts, or unreasonably apply correct governing legal principles to the facts of Inman's case.  Therefore, Inman is not entitled to habeas relief on his abuse-of-discretion argument.[3]

## III.    Conclusion

It is clear that Inman is not entitled to habeas relief on any of the arguments that he raises on appeal.  Further, Inman simply cannot establish that "reasonable jurists could debate whether (or, for that matter, agree that) [his § 2254] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotations omitted).  We therefore DENY his request

---

[3]To the extent that Inman might claim that the state trial court's decision is not entitled to deference because the court resolved his abuse-of-discretion claim in a truncated fashion, that argument is without merit.  "Even if a state court resolves a claim in a summary fashion with little or no reasoning, we owe deference to the state court's result."  Paine v. Massie, 339 F.3d 1194, 1198 (10th Cir. 2003).  In such cases, we must "uphold the state court's summary decision unless our independent review of the record and pertinent federal law persuades us that its result unreasonably applies clearly established federal law."  Id. at 1198 (quotations and alteration omitted).  In this case, our review of the record and pertinent federal law does not convince us that such a conclusion is warranted.

To the extent that Inman might claim that it is inappropriate for us to rule on this issue, since the district court did not address it in dismissing Inman's § 2254 petition, that argument is also without merit.  "[T]here are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt . . . ."  Singleton v. Wulff, 428 U.S. 106, 121 (1976).  This is such a case.

for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge