UNITED STATES of America, Plaintiff–Appellee,

v.

Sergio DUARTE–HIGAREDA, Defendant–Appellant.

No. 94–55970.

United States Court of Appeals, Ninth Circuit.

Submitted to Motions Panel Oct. 11, 1995.

Decided Oct. 19, 1995.

Sergio Duarte–Higareda, Safford, Arizona, pro se.

Julia K. Craig, Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.

### ORDER

Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts states that "[i]f an evidentiary hearing is required, the judge *shall appoint counsel* for [an indigent] movant...." Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255 (emphasis added). All of the circuits that have discussed the issue agree that the rule makes the appointment of counsel mandatory when evidentiary hearings are required. *See United States v. Vasquez,* 7 F.3d 81, 84 (5th Cir.1993) (indigent movant entitled to appointed counsel for evidentiary hearing on section 2255 motion); *Rauter v. United States,* 871 F.2d 693, 695 (7th Cir.1989) (same). In addition, this court has held that the equivalent Rule Governing Section 2254 Cases in the United States District Courts, Rule 8(c), makes the appointment of counsel mandatory when evidentiary hearings are required. *See Bashor v. Risley,* 730 F.2d 1228, 1234 (9th Cir.), *cert. denied,* 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984).

The district court ordered an evidentiary hearing here on appellant's section 2255 motion, but did not appoint counsel for appellant. Appellant was indigent at the time of his original trial. If appellant remained indigent at the time of the evidentiary hearing, the district court committed clear error in not appointing counsel to represent him at the evidentiary hearing.

Accordingly, the court grants appellee's motion for summary reversal and remands to the district court for further proceedings consistent with this order.

**REVERSED and REMANDED.**