**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-8591

WENLEY MCCLAREN,
Defendant-Appellant.

On Petition for Rehearing and
Suggestion for Rehearing in Banc.

Submitted: July 16, 1996

Decided: May 1, 1997

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Wenley McClaren, Appellant Pro Se. Thomas Oliver Mucklow,
Assistant United States Attorney, Wheeling, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Wenley McClaren appealed from a district court order that, after a hearing, denied his 28 U.S.C. § 2255 (1988), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, motion in which he alleged that he received ineffective assistance of counsel in various ways during his criminal trial. This Court previously dismissed the appeal on the reasoning of the district court. After obtaining a response from the Government, we now grant McClaren's timely petition for rehearing and deny his request for rehearing en banc. Because the district court did not appoint counsel to represent McClaren at the evidentiary hearing on his habeas motion, we vacate the district court's order, and remand the case for the court to conduct another evidentiary hearing in which Appellant is represented by appointed counsel.

Though there is no constitutional right to counsel in § 2255 proceedings, "there is a statutory right to appointed counsel in a section 2255 proceeding under Rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is required." United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). Other circuits that have addressed the issue have also so held. See United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); Rauter v. United States, 871 F.2d 693, 697 (7th Cir. 1989).

Such error is not susceptible to harmless error review. Vasquez, 7 F.3d at 85. Neither has McClaren waived consideration of the issue on appeal. He twice requested counsel at the evidentiary hearing, and his requests were denied. He also noted the issue in his docketing statement and informal brief in this court.

For these reasons, we vacate the district court's order and remand the case with instructions that the court hold another evidentiary hearing on McClaren's § 2255 motion at which he is represented by appointed counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED