Filed:  February 24, 1998

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 97-7468
(CR-95-4-JFM, CA-97-992-JFM)

United States of America,

Plaintiff - Appellee,

versus

Anthony Allen Phillips,

Defendant - Appellant.

O R D E R

The Court amends its opinion filed February 9, 1998, as follows:

On page 3, first paragraph, line 5 -- the sentence is corrected to begin "A defendant is <u>not</u> required to show . . . ."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-7468

ANTHONY ALLEN PHILLIPS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-95-4-JFM, CA-97-992-JFM)

Submitted: January 20, 1998

Decided: February 9, 1998

Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Dismissed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Anthony Allen Phillips, Appellant Pro Se. Christine Manuelian,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Anthony Allen Phillips appeals from a district court order denying his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) motion in which he alleged that he received ineffective assistance of counsel in various ways. Most notably, Phillips alleged that his counsel did not file a notice of appeal as he instructed. The district court held an evidentiary hearing on this particular issue, but declined Phillips's request that he be assigned counsel for the purpose of the hearing. We grant a certificate of appealability as to whether Phillips was deprived of effective assistance of counsel in violation of the Sixth Amendment when his trial attorney allegedly did not note a requested appeal. We also vacate that portion of the district court's order denying relief on this issue and remand for the court to conduct another evidentiary hearing on this issue alone. We instruct the court to appoint counsel to represent Phillips at this hearing. We deny a certificate of appealability and dismiss the appeal as to all other aspects of the district court's order.

Though there is no constitutional right to counsel in § 2255 proceedings, "there is a statutory right to appointed counsel in a section 2255 proceeding under Rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is required." United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). Other circuits that have addressed the issue have also so held. See United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); Rauter v. United States, 871 F.2d 693, 697 (7th Cir. 1989). Such error is not susceptible to harmless error review. Vasquez, 7 F.3d at 85. We note Phillips has not waived consideration of the issue on appeal. He requested counsel at the evidentiary hearing, and his request was denied. He also noted the issue in his informal brief in this court.

Under 28 U.S.C.A. § 2253(c) (West 1994 & Supp. 1997), an appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C.A. § 2253(c)(2). Phillips's underlying claim, that he was denied effective assistance of counsel due to

2

his counsel's failure to note an appeal as requested is a constitutional claim. See United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993). The failure to file a notice of appeal when requested by the defendant deprives the defendant of his Sixth Amendment right to counsel. Id. A defendant is not required to show that he was prejudiced by his counsel's failure to file a requested notice of appeal. Id. Failure to file a requested appeal is per se ineffective assistance of counsel, irrespective of the possibility of success on the merits. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995).

Thus, we conclude that Phillips has made a substantial showing of the denial of a constitutional right. To make a substantial showing of a denial of a constitutional right, Phillips "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam) (internal quotation marks omitted; emphasis and alteration in original). The court below concluded that Phillips's and his witness' recollections were flawed; though we express no opinion on the district court's conclusion, it appears from the record that the issue is "debatable among jurists of reason" and that a court could resolve the issue in a different manner.

We therefore grant a certificate of appealability as to whether Phillips was deprived of effective assistance of counsel in noting an appeal from his criminal conviction. We also vacate that part of the district court's order granting summary judgment on this issue, and remand for the court to hold another evidentiary hearing on that claim at which Phillips is represented by appointed counsel. The sole issue for consideration by the district court on remand is whether Phillips was denied effective assistance of counsel based upon his allegation that counsel failed to note an appeal as instructed. We deny a certificate of appealability and dismiss the appeal from the court's order in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART, VACATED IN PART, AND REMANDED

3