**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-7476

JAMES OSCAR HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-96-345-AW, CA-99-1276-AW)

Submitted: March 31, 2000

Decided: June 27, 2000

Before MURNAGHAN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Vacated and remanded in part and dismissed in part by unpublished
per curiam opinion.

_____

**COUNSEL**

James Oscar Harris, Appellant Pro Se. Lynne Ann Battaglia, United
States Attorney, Baltimore, Maryland; Odessa Palmer Jackson,
OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Oscar Harris appeals the district court's denial of his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999). The record discloses that following a response from the Government, the district court ordered an evidentiary hearing. Harris, proceeding in forma pauperis, requested and was denied counsel at the hearing. On appeal, Harris argues that this denial constitutes a violation of Rule 8(c) of the Rules Governing § 2255 Proceedings.

"[T]here is a statutory right to appointed counsel in a section 2255 proceeding under Rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is required." United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden, 23 F.3d 332, 333-34 (10th Cir. 1994); Rauter v. United States, 871 F.2d 693, 695-97 (7th Cir. 1989). Such error is not susceptible to harmless error review. See Vasquez, 7 F.3d at 85. Because we find that Harris was entitled to counsel at his evidentiary hearing, we grant a certificate of appealability as to this claim.

Harris also raised a Fourth Amendment claim, alleging that the district court erred in denying his motion to suppress evidence seized during the FBI search of his apartment. Although the district court did not address this claim in its order, we find that the transcript of the trial court's suppression hearing does not reveal a substantial showing of a denial of a constitutional right. See 28 U.S.C.A. § 2253(c) (West Supp. 1999). We therefore deny a certificate of appealability and dismiss the appeal as to this issue.

Accordingly, we grant a certificate of appealability only as to whether Harris was deprived of effective assistance of counsel when his trial counsel did not note a requested appeal. We vacate the dis-

2

trict court's order as to that issue alone and remand the case with instructions that the court hold another evidentiary hearing on Harris' § 2255 motion at which he is represented by appointed counsel. We deny a certificate of appealability as to Harris' Fourth Amendment claim and dismiss the appeal as to this claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED IN PART;
DISMISSED IN PART

3