**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROGER DALE MAXWELL,

Defendant-Appellant.

No. 05-7127

(D.C. No. 05-CV-76-P)

(E. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Petitioner Roger Dale Maxwell, a federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 petition for habeas

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

relief. The district court granted Maxwell a certificate of appealability based on the district court's failure to appoint counsel to represent Maxwell during an evidentiary hearing. For the reasons explained below, we vacate the order denying Maxwell's § 2255 motion and remand the case with directions to appoint counsel and conduct further proceedings as warranted. We do not, however, express any opinion as to the ultimate disposition of petitioner's ineffective assistance of counsel claim.

*I.*

Maxwell was indicted on April 23, 2003, and charged with seven felony counts, including one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846, one count of maintaining an establishment for manufacturing operations in violation of 21 U.S.C. § 856(a)(1), three counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and two counts of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). On January 26, 2004, Maxwell pleaded guilty to one count of possession with intent to distribute methamphetamine.

On April 24, 2004, the district court sentenced Maxwell to a term of 160 months' imprisonment followed by 36 months' supervised release. After the district court imposed the sentence, Maxwell contends he immediately asked his trial counsel to file an appeal. His counsel, however, failed to do so, and Maxwell became aware of his attorney's failure to file a direct appeal on

September 10, 2004. In response, on September 17, 2004, Maxwell filed a Motion for Consideration of Defendant's Late Notice of Appeal. We determined, however, that Maxwell's appeal was untimely and dismissed his appeal.

On February 18, 2005, Maxwell filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, alleging ineffective assistance of counsel at the time of his plea, sentencing, and appeal. The district court conducted an evidentiary hearing on Maxwell's motion on September 9, 2005. Maxwell was present at the hearing and presented evidence. During the hearing, Maxwell informed the court that he had only a sixth grade education and was no match for the government's counsel.[1] The district court, however, did not appoint counsel to represent Maxwell. Based on the evidence presented at the hearing, the district court denied his motion, determining Maxwell had not shown his counsel was ineffective. Maxwell filed a notice of appeal in the district court on November 22, 2005.[2]

---

[1] We are unable to verify the contents of the evidentiary hearing because a transcript of the proceedings was not made a part of the record at the district court or on appeal.

[2] Maxwell's filing was one day past the sixty-day filing deadline in Fed. R. App. P. 4(a)(1)(B). Maxwell declared, however, in a certificate of service that the notice was mailed November 13, 2005. Because it appears Maxwell complied with the prisoner mailbox rule, his appeal is deemed timely. Fed. R. App. P. 4(c)(1); United States v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004).

*II.*

When reviewing a district court's denial of a § 2255 petition, this court reviews questions of law de novo and questions of fact for clear error. United States v. Harms, 371 F.3d 1208, 1210 (10th Cir. 2004).

By ordering the evidentiary hearing, the district court brought into play the mandate of Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts. United States v. Leopard, 170 F.3d 1013, 1015 (10th Cir. 1999). Rule 8(c) states: "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."[3] Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255. The appointment of counsel is mandatory if the moving party qualifies under 18 U.S.C. § 3006A. Leopard, 170 F.3d at 1015 (10th Cir. 1999); see also Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332, 333-34 (10th Cir. 1994). Moreover, we have previously recognized that a violation of Rule 8(c) requires automatic reversal and is not subject to harmless error review. United States v. Lewis, 21 Fed. Appx. 843, 845 (10th Cir. 2001)

---

[3] Rule 8(c) was modified in 2004 in an effort to make it "more easily understood and to make style and terminology consistent throughout the rules." Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255. The changes were "intended to be stylistic" only and resulted in "no substantive change" to Rule 8(c). Id.

(joining the Third, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits in holding harmless error analysis inapplicable to Rule 8(c) violations).

Section 3006A(a) allows for the appointment of counsel for a litigant seeking relief under §§ 2241, 2254, or 2255 when "the interests of justice so require" and such person is "financially unable to obtain adequate representation." 18 U.S.C. § 3006(A)(a). A defendant who satisfies in forma pauperis requirements, as the district court held Maxwell did, necessarily meets the requirements of § 3006(A). Lewis, 21 Fed. Appx. at 844, n.1. The government does not argue on appeal that Maxwell would not have qualified for the appointment of counsel under § 3006A. Rather, the government concedes the district court erred and that this matter should be reversed and remanded to the district court for a proper evidentiary hearing. For the aforementioned reasons, we agree.

The government, nonetheless, asks us to affirm the district court on the merits of Maxwell's ineffective assistance of counsel claim on the basis that he failed to show his counsel was deficient. Essentially, the government asks this court to assume that no new information would have been presented at the hearing had counsel been appointed to represent Maxwell. This argument is not compelling. As we recognized in Lewis, "where a defendant is denied his statutory right to counsel during a hearing, . . . [o]ne can only speculate on what the record might have been had counsel been provided." Id. at 846. Here, the

-5-

district court held the hearing for the purpose of taking evidence on Maxwell's claim, specifically whether Maxwell timely advised counsel to file an appeal. Because Maxwell did not have the benefit of counsel at the hearing to assist in the presentation of evidence, we cannot accurately assess the merits of his claim.

*III.*

For the foregoing reasons, the district court's denial of Maxwell's § 2255 motion is REVERSED and this case is REMANDED to the district court with directions to appoint counsel and conduct further proceedings as warranted.

Entered for the Court


Mary Beck Briscoe
Circuit Judge