**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROGER DALE MAXWELL,

Defendant-Appellant.

No. 07-7009
(D.C. Nos. 05-CV-76-P and
04-CR-86-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **SEYMOUR**, Circuit Judges.

Roger Dale Maxwell appeals from the district court's order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We previously granted him a certificate of appealability, *see id.* § 2253(c), and we now affirm in part, vacate in part, and remand with instructions to dismiss in part.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**FACTS**

Mr. Maxwell was indicted on April 23, 2003, and charged with seven felony counts, including one count of conspiracy to manufacture methamphetamine; one count of maintaining an establishment for manufacturing operations; three counts of possession with intent to distribute methamphetamine; and two counts of being a felon in possession of ammunition. In December 2003, he filed a motion to dismiss his appointed counsel, which the district court denied. A month later, on January 23, 2004, he appeared at a pretrial conference and announced his desire to waive his right to jury trial and to plead guilty. The terms of the plea agreement had not been finalized prior to this hearing.

Three days later, on January 26, 2004, Mr. Maxwell pleaded guilty pursuant to a written plea agreement to a single count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). At some point, the prosecutor made certain changes to the written plea agreement, which were initialed by the prosecutor but not by Mr. Maxwell or his counsel. These changes were favorable to Mr. Maxwell, as they reduced the minimum term of incarceration from ten years to zero, the maximum term from life imprisonment to twenty years, and the maximum fine from $4 million to $1 million.

The Probation Department prepared a presentence report (PSR). The report calculated Mr. Maxwell's offense level at 31 and assigned him a criminal history category of III, resulting in a Guideline imprisonment range of 135 to 168

months.  Mr. Maxwell did not file any objections to the PSR.  The district court sentenced him to a term of imprisonment of 160 months, followed by 36 months' supervised release.

Neither Mr. Maxwell nor his counsel filed a timely appeal from his judgment and sentence.  On September 17, 2004, Mr. Maxwell filed a Motion for Consideration of Defendant's Late Notice of Appeal with this court, which was denied.  On February 28, 2005, he filed this § 2255 motion pro se, seeking relief based on his counsel's alleged ineffective assistance in (1) failing to properly advise him concerning issues surrounding his plea and at sentencing, and (2) failing to file a direct appeal as he requested after he received a greater-than expected sentence.[1]  The government responded with a motion to dismiss the § 2255 motion, contending that in his plea agreement, Mr. Maxwell waived his right to seek relief through post-conviction relief and § 2255 proceedings.  The district court did not dismiss on this basis, but instead held an evidentiary hearing on the merits of Mr. Maxwell's claims, at which he appeared pro se and presented evidence.  The district court subsequently denied his motion.

[1]	Mr. Maxwell later abandoned his "failure to appeal" claim.  R., Vol. I, doc. 30, at 1 ("Although Mr. Maxwell had cited three instances supporting his claim of ineffectiveness, at the time of the plea and the sentencing and failure to file a notice of appeal, the only matters now being pursued by Mr. Maxwell involve his change of plea and his sentencing.").

Mr. Maxwell appealed. A panel of this court reversed the district court's denial of the § 2255 motion, reasoning that the district court should have appointed counsel to represent him at the evidentiary hearing. *United States v. Maxwell*, 184 F. App'x 708, 709-10 (10th Cir. 2006). On remand, the district court appointed counsel and held a second evidentiary hearing. After reviewing the evidence presented at the second hearing, the district court concluded that he "was fully advised of the terms and conditions of his plea agreement and the potential range of punishment which he was facing upon the entering of his plea of guilty." R., Vol. I, doc. 36, at 6. It therefore denied his § 2255 motion. Mr. Maxwell appealed.

## ANALYSIS

Mr. Maxwell's plea agreement contained the following provision waiving his right to appeal and to seek collateral review of his conviction and sentence:

> Defendant expressly waives the right to appeal defendant's sentence on any ground, except to challenge an upward departure from the applicable guideline range as determined by the Court. Defendant specifically waives any appeal rights conferred by . . . any post-conviction proceedings, and any habeas corpus proceedings. . . . Realizing the uncertainty in estimating what sentence defendant will ultimately receive, defendant knowingly waives the right to appeal the sentence (except as to an upward departure) and agrees not to contest such sentence in any post conviction proceedings, including but not limited to writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution and to the court's entry of judgment against defendant and imposition of sentence[.]

Plea Agreement, at 10-11 (located in Aplt. Addendum).

As noted, the government asserted this appeal waiver as a defense to his § 2255 motion in district court. It continues to assert the appeal waiver on appeal, *see* Aplee. Br. at 14-16, although it has also briefed the merits of the motion. Given the government's preservation of this issue throughout the proceedings, before reaching the merits of Mr. Maxwell's arguments we will first consider whether the district court should have barred the § 2255 motion based on his waiver of collateral review.

"A defendant's knowing and voluntary waiver of the statutory right to appeal and to collaterally attack his sentence is generally enforceable." *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (internal quotation marks omitted). We determine whether such waivers are enforceable using a three-prong analysis, in which we ask: (1) whether the disputed appeal falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his appellate rights, and (3) whether enforcing the waiver will result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). We review the question of whether a defendant has waived his right to collateral review pursuant to a § 2255 motion de novo. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).

In his first issue, Mr. Maxwell contends that his guilty plea was invalid because his attorney

> failed to discuss with him or accurately tell him the terms of the agreement, the changes in the agreement, the impact of relevant conduct, the correct statutory sentence applicable to the case, or the possible guidelines that might be applicable.

Aplt. Opening Br. at 15-16. This argument may be considered on the merits, notwithstanding the waiver. A waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver" itself. *Cockerham*, 237 F.3d at 1187; *see also Hahn*, 359 F.3d at 1327 (permitting appeal notwithstanding waiver where miscarriage of justice would otherwise result because "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid.").

We affirm, nevertheless, because we agree with the district court that Mr. Maxwell failed to establish that his counsel was constitutionally ineffective in connection with the negotiation of the plea and the plea agreement. "A claim for ineffective assistance of counsel presents a mixed question of fact and law." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006). "In order to establish a successful claim for ineffective assistance of counsel, [Mr. Maxwell] must show (1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[T]his Court accepts the District Court's factual findings so long as they are not clearly erroneous and reviews de novo whether

[the attorney's] assistance was ineffective as a matter of law." *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005).

Both Mr. Maxwell and his former attorney Mr. Smith testified at the second evidentiary hearing. As the district court noted, their testimony was diametrically opposed. Whose version of these events to believe depends largely on an evaluation of the witnesses' credibility, a task that lies within the province of the district court rather than this court. *See, e.g., United States v. Browning*, 252 F.3d 1153, 1157 (10th Cir. 2001).

Mr. Maxwell testified he spoke to Mr. Smith for five minutes prior to entering the courtroom to change his plea; that he did not read the plea agreement before he pleaded guilty; that he did not know what was in the agreement; and that Mr. Smith never explained the terms of the plea agreement to him. Mr. Smith, by contrast, testified that he met with Mr. Maxwell on several occasions; that he visited with him more than on an average case; and that he went over the plea agreement with him, specifically including its appeal waiver provision, which Mr. Smith did not like but which the government considered non-negotiable. Mr. Smith recalled that Mr. Maxwell was less concerned about the appeal waiver than he was.

Mr. Maxwell makes much of the fact that the changes to the plea agreement were initialed only by the prosecutor. He suggests this is evidence that counsel did not in fact go over the plea agreement with him before he signed it.

Mr. Smith testified, however, that he would not necessarily have initialed the change or instructed his client to do so. R., Vol. III, at 68. Despite the absence of counter-initialing, Mr. Smith was "sure" he went over the changes with Mr. Maxwell. *Id.*

Mr. Maxwell stated that his counsel advised him that his sentence would be between five and ten years. The district court did not find this credible, in light of counsel's statement at the change of plea hearing that Mr. Maxwell would probably be at offense level 28, with a criminal history category of IV, for Sentencing Guideline purposes, which the district court equated to a guideline range of 110 to 137 months.[2]

In addition to the advice and explanation he received from his counsel, Mr. Maxwell was advised at the time he entered his change of plea that the offense to which he was pleading guilty carried a penalty of up to 20 years' imprisonment. The government estimated that he would probably be facing a sentence approaching the statutory *maximum* sentence of 20 years' imprisonment.

---

[2]  Mr. Smith also stated that he believed Mr. Maxwell would be facing what he termed "near the minimum sentence." Change of Plea Hearing Tr. (Aplt. Addendum), at 10. As Mr. Maxwell points out, under the amended terms of the plea agreement, there was no minimum sentence other than probation. Aplt. Opening Br. at 14. Mr. Maxwell may be correct that counsel anticipated a sentence near the minimum of the unamended agreement, i.e., ten years. *See id.* If this is true, Mr. Smith's estimate of the sentence was closer to the actual sentence Mr. Maxwell received than the government's estimate. In any event, the magistrate judge advised Mr. Maxwell before he changed his plea that these were only estimates and that he could be sentenced to up to 20 years' incarceration.

Mr. Maxwell indicated that he understood what was being discussed and that he was generally familiar with the Sentencing Guidelines. The magistrate judge explained to him that any estimates the attorneys made regarding his sentence were only estimates and that the sentencing judge would determine the sentence, subject to the Guidelines.

In sum, Mr. Maxwell has failed to show that the district court erred in finding that his attorney explained the plea and the plea agreement and that he was informed at the time of his plea concerning the sentence that he faced under the Guidelines. We agree with the district court that he has not shown that his attorney's performance in negotiating his guilty plea and the accompanying plea agreement was constitutionally deficient, or that any errors in his counsel's estimates concerning his sentence prejudiced him. We therefore affirm the district court's denial of his ineffective assistance claim relating to the entry of his plea and his plea agreement.

Mr. Maxwell also contends that his attorney was ineffective in connection with his sentencing. He argues that his counsel failed to advise him of the contents of the PSR and failed to advise him properly concerning the sentence he could expect to receive under the Guidelines, so that he could object to the PSR.

A defendant who pleads guilty may waive his right to attack his sentence based on ineffective assistance of counsel claims that do not attack the validity of the plea or the plea agreement itself. *Cockerham*, 237 F.3d at 1187. Because we

have affirmed the district court's rejection of Mr. Maxwell's ineffective assistance claims that could vitiate the appeal waiver (i.e., that attack the validity of his plea and the plea agreement), the appeal waiver in the agreement remains effective and should have been enforced as to his ineffective assistance of sentencing claim. By its terms, Mr. Maxwell explicitly waived his right (1) to appeal his sentence unless it represented an upward departure from the Guideline range, and (2) to seek collateral review of his sentence. He was therefore barred from bringing his ineffective assistance at sentencing claim in district court.

The judgment of the district court is AFFIRMED as to Mr. Maxwell's claim alleging ineffective assistance of counsel in connection with his plea negotiation and plea agreement. The judgment of the district court denying the § 2255 motion is VACATED with regard to his claim alleging ineffective assistance of counsel at sentencing, and the case is REMANDED with instructions to dismiss that claim in order to enforce the waiver of collateral review contained in Mr. Maxwell's plea agreement.

Entered for the Court


Jerome A. Holmes
Circuit Judge