**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-16318 |
| Plaintiff - Appellee, | D.C. Nos.    2:08-cv-00348-JAT<br>2:03-cr-00764-JAT-2 |
| v. | |
| JOSEPH NICHOLAS FUENTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted October 27, 2011[**]
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and QUIST,[***] Senior District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, sitting by designation.

The district court did not err in rejecting Fuentes's claims that he suffered ineffective assistance of trial counsel due to the manner in which trial counsel handled the polygraph test. Because Fuentes freely and voluntarily stipulated to the admissibility of the polygraph, he cannot later complain about its admissibility, *see United States v. Technic Servs., Inc.*, 314 F.3d 1031, 1045 (9th Cir. 2002), *overruled on other grounds by United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2010) (en banc) (per curiam); accordingly, objection to the admission of the results would have been futile, *see Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989). Trial counsel's decision to allow the polygraph test to go forward, and his approach to challenging the reliability of the polygraph results, fall within the "wide range of reasonable professional assistance" which we deem to be reasonably effective assistance. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). Moreover, given the weight of the evidence against Fuentes, there is no reasonable probability that the result of the proceedings would have been different but for the alleged errors. *See id.* at 694.

The district court did not err in rejecting Fuentes's claim that the trial counsel was ineffective due to an inadequate investigation because Fuentes has not shown how the testimony of the four potential witnesses would have made a difference in the jury's determination. *See Bragg v. Galaza*, 242 F.3d 1082, 1088

2

(9th Cir. 2001). Further, because Fuentes has failed to provide any indication of how the additional testimony would affect his right to relief, the district court did not err in declining to appoint counsel to assist in investigating these four witnesses or to hold an evidentiary hearing. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995) (order).

The district court did not err in rejecting Fuentes's claim that trial counsel was ineffective for failing to retain an expert witness who would testify that the victim was more likely killed for being labeled as a sex offender. We defer to such strategic choices by trial counsel, *Strickland*, 466 U.S. at 689, and such testimony would have been cumulative in any event, given that trial counsel elicited testimony from the Government's expert witness to the same effect. *See Clabourne v. Lewis*, 64 F.3d 1373, 1382 (9th Cir. 1995).

Finally, we decline to grant a certificate of appealability on Fuentes's claim of prosecutorial misconduct. The issue is procedurally defaulted because it was not raised on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Fuentes has not shown cause or prejudice to overcome the procedural default, and his claim of actual innocence has no factual or evidentiary support. *See id.* at 623.

3

**AFFIRMED.**