**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-35511 |
| Plaintiff - Appellee, | D.C. Nos. 1:13-cv-00122-SPW |
| v. | 1:10-cr-00086-SPW |
| ROBERT TIMOTHY SWANK, Sr., | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Federal prisoner Robert Timothy Swank, Sr., appeals from the district

court's judgment dismissing his motion under 28 U.S.C. § 2255, and the district

court's order denying his motion under Federal Rule of Civil Procedure 59(e).  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We reverse and remand with instructions.

Swank contends that the district court abused its discretion by dismissing his section 2255 motion based on his failure to submit a signed request for counsel, and by denying his Rule 59(e) motion, which included a signed request for appointment of counsel. When an evidentiary hearing is ordered, appointment of counsel for indigent section 2255 movants is mandatory. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255; *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995) (order). In light of this authority, the government agrees with Swank that this case should be remanded. Accordingly, we reverse and remand for appointment of counsel and an evidentiary hearing regarding Swank's claim that trial counsel was ineffective when advising Swank to plead guilty. We deny Swank's request for an open remand to enable him to reargue the claims that the district court denied on the merits without an evidentiary hearing.

We treat Swank's additional arguments as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**REVERSED and REMANDED.**