FILED
United States Court of Appeals
Tenth Circuit

January 11, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAMON MARTINEZ, a/k/a EDI
BURCIAGO-OROSCO,

Defendant-Appellant.

No. 09-1222

(D.C. Nos. 1:04-CR-00429-MSK-1 and
1:08-CV-00455-MSK)
(D. Colo.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

Ramon Martinez, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2255 motion to vacate, set aside, or correct sentence.  Because Martinez has failed to

satisfy the standards for the issuance of a COA, we deny his request and dismiss the

matter.

I

"On January 28, 2004, agents of the Bureau of Alcohol, Tobacco, and Firearms . . .

and officers from the Colorado Springs Police Department arrested Adelaida Meza-

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

Chaidez following a controlled purchase of methamphetamine." United States v. Martinez, 230 Fed. App'x 808, 810 (10th Cir. 2007). "In exchange for immunity from prosecution in federal court, Meza-Chaidez agreed to cooperate with law enforcement." Id. She "identified [Martinez] as the owner of the drugs" and "explained [Martinez] operated a large drug-trafficking organization that transported methamphetamine and cocaine from Phoenix, Arizona to Colorado Springs and Denver, Colorado." Id. Subsequent law enforcement investigation, including wiretaps of two telephone numbers belonging to Martinez, produced additional evidence corroborating Meza-Chaidez's allegations.

A federal grand jury indicted Martinez on four criminal charges: Count 1 – participating in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; Count 2 – conspiring to possess 500 grams or more of methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; Counts 3 and 4 – possessing with intent to distribute 500 grams or more of methamphetamine and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. Prior to trial, the government dismissed Count 4. Martinez's jury trial commenced on June 13, 2004. At the conclusion of the evidence, the jury found Martinez guilty of Counts 2 and 3. The district court sentenced Martinez to 360 months' imprisonment. On direct appeal, this court affirmed the judgment of the district court. Martinez, 230 Fed. App'x at 810, 815.

On February 29, 2008, Martinez filed a pro se motion to vacate, set aside or correct

sentence pursuant to 28 U.S.C. § 2255. On May 19, 2008, the district court appointed counsel to represent Martinez and directed that counsel review the § 2255 motion and then proceed upon those claims that had merit. On July 30, 2008, Martinez, through counsel, filed a supplemental brief in support of his § 2255 motion and requested an evidentiary hearing on certain ineffective assistance claims. The district court granted counsel's request and conducted an evidentiary hearing on February 23, 2009. During the hearing, Martinez's counsel ultimately asserted on Martinez's behalf two claims of ineffective assistance of counsel: (1) whether Martinez's trial counsel, an assistant public defender, conducted an adequate investigation when he failed to review a surveillance tape of the entrance to a storage facility where the methamphetamine at issue was seized; and (2) whether Martinez's trial counsel adequately advised Martinez of possible sentences at the time the government made a plea offer to Martinez. Martinez's trial counsel and other witnesses testified at the hearing.

On May 11, 2009, the district court issued an order and opinion rejecting Martinez's claims of ineffective assistance and denying Martinez's § 2255 motion. In considering Martinez's claim that his trial counsel was ineffective for failing to view the surveillance tape, the district court "focuse[d] upon whether a failure to review the tape prejudiced . . . Martinez, and conclude[d] that it did not." ROA, Vol. 1 at 124. In particular, the district court noted that "[t]he surveillance tape was recorded over every 72 hours and, due to the location of the camera, did not reveal any activity at" the unit in question. Id. "Therefore," the district court concluded, "at most, the surveillance tape

3

would have revealed images of vehicles and pedestrians entering and leaving the [general rental] facility during the 72 hours prior to the seizure of" the unit in question. Id. Further, the district court noted that, "because . . . Meza-Chaidez never testified that . . . Martinez went to the storage unit except on the day it was rented, some 15 days before the seizure," "the presence of other people or cars entering and exiting the storage facility during the 72 hours preceding the seizure would not have rebutted her testimony." Id.

As for Martinez's claim that his trial counsel inadequately advised him of the possible sentence he would be facing if he proceeded to trial, the district court first noted that during Martinez's initial appearance on October 25, 2004, Martinez was "advised by a magistrate judge as to the penalty range for each charge," and that "[t]his advisement included the possibility that a life sentence could be imposed." Id. at 125. Continuing, the district court stated:

> Without considering whether [trial counsel's] subsequent discussions with Mr. Martinez should have included the possibility of a 30-year sentence upon conviction, the Court finds that Mr. Martinez suffered no prejudice as a result of this omission. Mr. Martinez was aware that if he was convicted at trial he would be sentenced to a minimum term of imprisonment of 10 years, and that the actual term could be substantially higher. He was aware that the Government's offer fixed the term at 10 years and that the Government might seek to further reduce that prison term if he cooperated. Mr. Martinez rejected the offer, but not because he assessed the risk of a sentence greater than 10 years or the possibility of a sentence that was significantly longer than 10 years. He rejected the Government's offer because it included **any** term of imprisonment. He wanted a deal similar to that which he had obtained in a prior New Mexico case – no prison time in exchange for a guilty plea and promise to work as a confidential informant. Because Mr. Martinez categorically rejected any plea offer that included a term of imprisonment, whether [his trial counsel] advised him of a likely term of imprisonment of 20-25 years or the 30 years that was ultimately

4

imposed, is irrelevant. No advisement as to the upper range of imprisonment would have resulted in a different outcome. Given this rationale for rejecting the Government's offer, the Court cannot conclude that there is a reasonable probability that Mr. Martinez would have accepted the plea offer had [his trial counsel] advised him that upon conviction at trial he would possibly face a sentence of 30 years.

Id. at 125-26 (emphasis in original).

Martinez filed a notice of appeal on May 20, 2009. On May 26, 2009, the district court issued an order denying Martinez a COA. Martinez has now renewed his request for COA with this court.

## II

The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

As the district court correctly noted, a criminal defendant claiming a violation of his Sixth Amendment right to effective assistance of counsel must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant so that, but for counsel's errors,

5

there was a reasonable probability the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). When we evaluate an ineffective assistance of counsel claim, "we accept the district court's underlying factual findings unless clearly erroneous, and we review de novo whether counsel's performance was legally deficient and whether any deficiencies prejudiced the defendant." United States v. Rodriguez-Rivera, 518 F.3d 1208, 1216 (10th Cir. 2008) (internal quotation marks omitted).

In his request for COA, Martinez attempts to combine the two ineffective assistance claims he raised below, arguing that his trial counsel should have, but failed to, not only inform him "of the potential 30 year sentence if he went to trial" but also "evaluate the evidence with [him] so [he] could weigh the benefits and dangers of the plea offer versus the risk of going to trial." Aplt. Br. at 5. According to Martinez, he "is not asking this court to review th[e] portion of the [district court's] order" that rejects his claim that his trial counsel was ineffective for failing to review the surveillance tape, "except as it may show to this Court that [his trial] counsel could not have properly advised [Martinez] of the quality of the government's case . . . so that [he] could make a fully informed decision to accept or reject the government's [plea] offer and proceed to trial." Id. at 9-10. Martinez has not, however, identified any extraordinary circumstances that would compel us to deviate from our general rule forbidding the review of arguments presented for the first time on appeal. See Turner v. Pub. Serv. Co. of Colo., 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider

arguments raised for the first time on appeal."). As a result, we in turn decline to grant Martinez a COA on this new issue.

To the extent that Martinez seeks to appeal the district court's rejection of his claim that his trial counsel failed to adequately advise him of the possible sentences that could be imposed if he proceeded to trial, we find no basis for granting a COA on that claim either. After hearing the evidence presented by the parties on this issue, including the testimony of Martinez's trial counsel, the district court found that (a) trial counsel advised Martinez that the term of imprisonment could be in the range of 20 to 25 years[1], (b) Martinez insisted upon a plea offer that included no prison time, and (c) Martinez therefore would have, even if advised of the possibility of a thirty-year sentence, categorically rejected any plea offer that included a term of imprisonment. Notably, Martinez does not attack as clearly erroneous any of these factual findings. Because these findings mandate a conclusion that Martinez was not prejudiced by trial counsel's allegedly inadequate advice, we conclude that reasonable jurists could not disagree as to the resolution of Martinez's ineffective assistance claim.

---

[1] Having reviewed the transcript of the evidentiary hearing, we note that trial counsel testified that he orally advised Martinez of the possibility of a thirty-year sentence if convicted at trial. ROA, Vol. 2 at 45 ("I mean I told him verbally that it could be up to 30 years or even life, depending on the relevant conduct. He was well aware – well aware – that he was looking at a significant amount of time and the 20 to 25 years – 20, 25, 30.").

The application for COA is DENIED and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge