**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RAMON MARTINEZ,

     Defendant - Appellant.

No. 12-1333
(D.C. No. 1:04-CR-00429-MSK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Appellant Ramon Martinez, a federal prisoner, was convicted in 2004 of two offenses related to the distribution or possession of methamphetamine. He now wishes to file a second or successive habeas corpus motion under 28 U.S.C. § 2255.[1] Before

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Martinez filed his first § 2255 motion in 2008. The district court appointed him counsel, held an evidentiary hearing, and denied his motion. This court denied Mr.

Continued . . .

seeking the required authorization from this court to pursue a second or successive § 2255 motion, *see* 28 U.S.C. § 2255(h); *id.* § 2244(b)(3), Mr. Martinez initially asked the district court to appoint counsel to "help [him] file a § 2255" motion. ROA, Vol. 2 at 39. The district court denied his motion, determining it lacked jurisdiction because this court had not authorized Mr. Martinez to pursue another § 2255 motion. He now appeals.

Because Mr. Martinez appears pro se, we liberally construe his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Mr. Martinez has moved for the appointment of counsel, which this court denied on September 10, 2012, pending full briefing and consideration of appellant's statement of arguments. We construe Mr. Martinez's brief as (1) requesting appointment of counsel to assist him in drafting an application to pursue a second or successive §2255 motion, and, in the alternative, (2) requesting authorization to pursue a second or successive § 2255 motion.

Mr. Martinez has no constitutional right to counsel to pursue habeas corpus relief. *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). He has failed to show any basis that the appointment of counsel would assist him in establishing one of the two grounds for authorizing a second or successive § 2255 motion:

(1) newly discovered evidence that, if proven and viewed in light of the

---

Martinez's pro se application for a certificate of appealability. *See United States v. Martinez*, 359 F. App'x 949 (10th Cir. 2010) (unpublished).

> evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also id.* § 2244(b)(3)(C).

He identifies no newly discovered evidence that counsel could develop to show a second or successive § 2255 motion is warranted. Nor does Mr. Martinez identify new, retroactive Supreme Court authority that was unavailable at the time of his first § 2255 motion.[2] Because Mr. Martinez has provided no basis to determine that counsel could help establish one of the grounds for authorizing a second or successive § 2255 petition, we deny his request to appoint counsel.

We also deny his request for authorization to file a second or successive § 2255 motion for the same reasons discussed above.

Because we deny Mr. Martinez's request for appointment of counsel and his

---

[2] The only Supreme Court authority Mr. Martinez identifies is *Rutledge v. United States*, 517 U.S. 292 (1996), which was decided even before he was charged and obviously was available before he filed his first § 2255 motion. In addition, Mr. Martinez's interpretation of *Rutledge* is mistaken.

Mr. Martinez argues that because he was acquitted of the charge of engaging in a continuing criminal enterprise ("CCE") under 21 U.S.C. § 848, the jury could not have convicted him of conspiracy under 21 U.S.C. § 846. Mr. Martinez interprets *Rutledge* to hold that acquittal on a § 848 CCE charge requires acquittal on a lesser-included § 846 conspiracy charge. This reading is incorrect.

The *Rutledge* Court held that § 846 conspiracy is a lesser-included offense of § 848 CCE and that conviction for both offenses constitutes unauthorized punishment. *Id.* at 1250-51. Mr. Martinez was convicted only of the lesser-included offense, and thus no *Rutledge* violation occurred.

request for authorization for a second or successive § 2255 motion, we dismiss as moot

his appeal from the district court's order denying his request for appointment of counsel.

Mr. Martinez's request to proceed *in forma pauperis* on appeal is denied.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge